

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 24, 1993

Mr. Fred S. Brinkley, Jr., R.Ph.
Executive Director/Secretary
Texas State Board of Pharmacy
8505 Cross Park Drive, Suite 110
Austin, Texas 78754-4594

Opinion No. DM-231

Re: Whether a quorum of a licensing board attending a licensee disciplinary hearing conducted by the State Office of Administrative Hearings may make findings of fact, conclusions of law, and vote on discipline without receiving from the State Office of Administrative Hearings a proposal for decision (RQ-408)

Dear Mr. Brinkley:

On behalf of the Texas State Board of Pharmacy (the "board"), you have asked our opinion regarding the functions of the State Office of Administrative Hearings (the "SOAH"). Specifically, you ask whether, if a majority of the board attends a licensee disciplinary hearing over which an administrative law judge from the SOAH presides, the board members at that time may make findings of fact, conclusions of law, and vote on a disciplinary sanction, without receiving a proposal for decision from the administrative law judge. We conclude that the board may not.[1]

The legislature created the SOAH in 1991 by enacting Senate Bill 884. *See* Acts 1991, 72d Leg., ch. 591, at 2127-28 (codified V.T.C.S. article 6252-13f). The legislature designed the SOAH to conduct all administrative hearings in contested cases under the Administrative Procedure and Texas Register Act ("APTRA"), V.T.C.S. article 6252-13a, that are before an agency that does not employ a person whose sole duty is to preside as a hearings officer over matters related to contested cases before the agency.[2] V.T.C.S. art. 6525-13f, § 2(b). The legislature hoped that the implementation of Senate Bill 884 would accomplish at least two purposes. First, the legislature hoped to increase economic efficiency by pooling the resources of smaller agencies that are unable to employ full-time

---

[1]We do not decide in this opinion whether a majority of the board, solely for the purpose of listening or observing, may attend a licensee disciplinary hearing over which an administrative law judge from the SOAH presides.

[2]For purposes of this opinion, we assume that the board is one of the agencies Senate Bill 884 requires to use the services of the SOAH.

p. 1196

administrative law judges.   Second, the legislature hoped to create an administrative judiciary independent of the agency that could hear objectively administrative disputes. Hearings on Senate Bill 884 Before the Senate Comm. on State Affairs (Apr. 8, 1991) (testimony of Senator Montford, author) (tape available from Senate Staff Services).

Among other things, Senate Bill 884 added article 6252-13f to the Revised Civil Statutes. *See* Acts 1991, 72d Leg., ch. 591, §§ 1 - 4 at 2127-28. Section 3(b) of article 6252-13f authorizes an administrative law judge to perform the following functions:

> (1)  administer oaths;
>
> (2)  take testimony;
>
> (3)  rule on questions of evidence;
>
> (4)  issue orders relating to discovery and other hearing or prehearing matters, including orders imposing sanctions that the agency that the contested case is before may impose, subject to review by the agency; and
>
> (5)  issue proposals for decision that include findings of fact and conclusions of law.

*See also* State Office of Administrative Hearings, 17 Tex. Reg. 6442-43 (1992) (to be codified at 1 T.A.C. §§ 155.15(b), 155.51). You believe that this provision merely authorizes, but does not require, an administrative law judge for the SOAH to issue a proposal for decision and therefore supports your contention that the board may make its own findings of fact and conclusions of law after attending a hearing on a disciplinary matter before the SOAH. However, the plain language of other sections of Senate Bill 884, as well as the bill's legislative history, indicates that the legislature intended the SOAH to make findings of fact and conclusions of law on matters before it. The agency may modify the administrative law judge's findings and conclusions, but only in compliance with the requirements stated in Senate Bill 884.

APTRA, as well as the rules of practice and procedure before the board, governs any disciplinary action the board takes under section 26 of the Texas Pharmacy Act, V.T.C.S. article 4542a-1. V.T.C.S. art. 4542a-1, § 27. Senate Bill 884 added to APTRA section 13(j), which provides as follows:

> This subsection applies only to an administrative law judge employed by the State Office of Administrative Hearings. The administrative law judge who conducts the hearing shall consider any applicable agency rules or policies in conducting the hearing, *but may not be supervised by the agency that the contested case is before.* The agency shall provide the administrative law judge with a written statement of applicable rules or policies. *An agency may not attempt*

> *to influence the finding of facts or the administrative law judge's application of the law in any contested case other than by proper evidence and legal argument. An agency may change a finding of fact or conclusion of law made by the administrative law judge only for reasons of policy and must state in writing the reason and legal basis for the change.* [Emphasis added.]

On its face, section 13(j) of APTRA confers upon an agency only a limited role in the administrative hearing process: the agency must provide the administrative law judge with a written statement of rules or policies it believes are relevant to the contested case (*see also* State Office of Administrative Hearings, 17 Tex. Reg. 6441 (1992) (to be codified at 1 T.A.C. § 155.5(c)); the agency may present evidence and legal argument to the administrative law judge; and the agency may modify the administrative law judge's proposal for decision only for policy reasons and only in writing. Moreover, section 13(j) expressly prohibits the agency from supervising the administrative law judge during the hearing and from attempting to influence the administrative law judge's findings of fact and conclusions of law, unless the agency does so by presenting evidence and legal argument. In our opinion, the plain language of section 13(j) of APTRA precludes a board from preempting the administrative law judge's proposal for decision by making its own findings of fact, conclusions of law, and determination of the proper disciplinary sanction. We note, of course, that an agency always retains the right to enter into an agreed final order (which disposes of all issues and may contain finding of fact and conclusions of law and which may require a board vote) with a party regarding a disciplinary matter, even if the matter is pending before the SOAH. *See* State Office of Administrative Hearings, 17 Tex. Reg. 6442 (1992) (to be codified at 1 T.A.C. § 155.29(c)).

The legislative history of Senate Bill 884 supports our determination. A member of the committee that drafted Senate Bill 884 testified before the House Committee on State Affairs that the committee had tried to strike a balance between the powers of the agency and the SOAH. Hearings on S.B. 884 Before the House Comm. on State Affairs (May 6, 1991) (testimony of Reggie James, representing Consumers Union) (tape available from House Committee Coordinator). Section 5(b) of the bill, which added section 13(j) to APTRA, articulates the balance the committee struck: the SOAH is responsible for recommending to the agency findings of fact and conclusions of law, but the agency has the ultimate authority to approve the proposal for decision. *See id.* Furthermore, the committee drafted the bill to restrict an agency's power to overturn arbitrarily an administrative law judge's decision by permitting the agency to change a finding of fact or a conclusion of law only for policy reasons and only in writing. *See id.*

In our opinion, the legislature wanted to ensure that agencies that were required to use the services of the SOAH would not interfere with the administrative law judge's decision. *See id.* (testimony of Judith Sokolow, representing Advocacy, Inc.) (testifying about need for impartial administrative hearings conducted by judiciary independent of agency); *id.* (testimony of Mary Jo Magruden, representing Texas Planning Council for

Developmental Disabilities) (same). Until, therefore, an agency has received a proposal for decision from the administrative law judge, the agency can participate in the administrative hearing only by presenting evidence and making legal argument at the hearing. *See* V.T.C.S. art. 6252-13a, § 13(j); Hearing on Senate Bill 884 Before the House Comm. on State Affairs (May 6, 1991) (testimony of Linda Secord, representing Office of the Attorney General) (tape available from House Committee Coordinator).

We do not believe that article 6252-13f, section 3(b), V.T.C.S., contradicts this conclusion because it states that an administrative law judge "may," instead of "shall," issue a proposal for decision. In this provision, "may" means "to have authority to" or "to be permitted to." *See* B. GARNER, MODERN LEGAL USAGE 98, 354 (1987). Section 3(b) lists several tasks an administrative law judge "may" perform. The bill analysis for Senate Bill 884 describes the list in section 3(b) as "prerogatives" of administrative law judges. A "prerogative" is "an exclusive or special right, power, or privilege: as . . . one belonging to an officer or an official body." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 930 (1990). We believe that the characterization of section 3(b) as a list of prerogatives is consistent with the legislative intent: the legislature intended that, *vis a vis* those agencies required to utilize the services of the SOAH, the SOAH, and only the SOAH, is authorized to conduct an administrative hearing and issue the proposal for decision. The agency is authorized to modify the proposal, but only in accordance with section 13(j) of APTRA.

You argue that section 15 of APTRA authorizes the board to forego receiving a proposal for decision from the SOAH if a majority of the board members have heard the case or read the record. Section 15 provides in pertinent part as follows:

> If in a contested case a majority of the officials of the agency who are to render the final decision have not heard the case or read the record, the decision, if adverse to a party to the proceeding other than the agency itself, may not be made until a proposal for decision is served on the parties, and an opportunity is afforded to each party adversely affected to file exceptions and present briefs to the officials who are to render the decision.

Section 15 does not authorize an agency to forego receiving a proposal for decision from the SOAH in any circumstance. For those agencies that are subject to APTRA and that must use the services of the SOAH, section 13(j) of APTRA, together with article 6252-13f, section 3(b), V.T.C.S., requires the SOAH administrative law judge to conduct a hearing and prepare a proposal for decision for the agency's approval. If the administrative law judge proposes a decision that will be adverse to a party to the proceeding other than the agency, section 15 provides that the agency cannot render its final decision until it has satisfied the requirements articulated in section 15.

You also suggest that because many contested cases before the board involve a pharmacist accused of illegally diverting controlled substances the board should be able to revoke the accused pharmacist's license on an imminent peril basis.  You contend that requiring such a case to go before an administrative law judge of the SOAH will delay such an order, creating a "serious threat to the public health and welfare."  We note, however, that article 6252-13f, section 3(c), V.T.C.S., requires the SOAH to hear a case within a reasonable time.  *See also* State Office of Administrative Hearings, 17 Tex. Reg. 2565, 6442, 6443 (1992) (to be codified at 1 T.A.C. §§ 155.15(a)(2), 157.1(a)). Additionally, section 19A of APTRA authorizes an agency, including the board, to request the attorney general to bring an action in a district court with jurisdiction over the matter to compel compliance with an agency rule.  *See* 28 T.A.C. § 281.24(a)(3), (4), (5) (listing among grounds for discipline diversion, acquisition, and distribution of drugs in violation of Controlled Substances Act and Dangerous Drug Act).  Section 17(k) of the Texas Pharmacy Act, V.T.C.S. article 4542a-1, also authorizes the board to sue in district court to restrain or enjoin a person from violating article 4542a-1.  *See* V.T.C.S. art. 4542a-1, § 26(a)(9) (providing that board may discipline pharmacist who violates any provision of the Controlled Substances Act or Dangerous Drug Act).  In our opinion, therefore, the board has alternatives by which it may seek to restrain or enjoin a pharmacist from illegally diverting controlled substances.

Finally, you ask whether our opinion would change if the board promulgated a rule specifically allowing it to take action before receiving a proposal for decision from the SOAH's administrative law judge.  When the legislature acts with respect to a particular matter, an administrative agency may not promulgate a rule that will, in effect, nullify the legislature's action.  *See State v. Jackson*, 376 S.W.2d 341, 344-45 (Tex. 1964).  In Senate Bill 884, the legislature explicitly has stated that the SOAH must hear and prepare a proposal for decision for all contested cases before the board.  A rule such as the one you propose would, in effect, nullify the SOAH's role in objectively preparing a proposal for decision that the board may modify only for policy reasons and only in writing.  The board may not, therefore, promulgate such a rule.[3]

---

[3]To the extent that any existing board rules are inconsistent with the provisions of Senate Bill 884, they are invalid.  *See* 2 Tex. Jur. 3D *Administrative Law* § 17, at 210-11 (1979).

## S U M M A R Y

Absent reaching an agreed final disposition of a matter, a licensing board that is required to use the services of the State Office of Administrative Hearings may not make its own findings of fact, conclusions of law, or vote on discipline. Instead, the board must receive from the SOAH a proposal for decision, which the board may modify only in compliance with section 13(j) of the Administrative Procedures and Texas Register Act, V.T.C.S. article 6252-13a. Furthermore, a board may not promulgate a rule giving it the authority to make its own findings of fact and conclusions of law.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General